# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

(Filed:  August 5, 2016)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| SCOTT MARSHALL and AMY | * | |
| MARSHALL, as Parents of H.M., | * | |
| | * | |
| | * | No. 15-1497V |
| Petitioners, | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Human Papilloma Virus ("HPV"); |
| AND HUMAN SERVICES, | * | Hepatitis A; Meningococcal; Tdap; |
| | • | Optic Neuritis; Joint Stipulation on |
| Respondent. | * | Damages. |
| | * | |
| * * * * * * * * * * * * * * | | |

Mark L. Kreueger, Krueger & Hernandez, S.C., Baraboo, WI, for petitioners.
Darryl Wishard, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On December 11, 2015, Scott and Amy Marshall ("petitioners") filed a petition for compensation under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (2012) ("Vaccine Act"),[2] on behalf of H.M., their minor child.  Petitioners alleged that H.M. developed optic neuritis as a result of receiving the HPV, Hepatitis A, Meningococcal, and Tdap vaccinations on June 4, 2014.  Petition at 1.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 5, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation.  Respondent denies that the HPV, Hepatitis A, Meningococcal, and Tdap vaccinations caused H.M.'s optic neuritis or any other injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioners shall receive the following compensation:

**A lump sum in the amount of $206,731.81 in the form of a check payable to petitioners, Scott and Amy Marshall, as guardians of H.M.'s estate.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  Stipulation dated August 5, 2016 (ECF No. 21) at ¶ 8.

The undersigned approves the requested amount for petitioners' compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SCOTT MARSHALL and AMY MARSHALL, as Parents of H.M., Petitioners, | )<br>)<br>)<br>)<br>) No. 15-1497V   ECF |
| v. | )<br>) Chief Special Master Dorsey<br>) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | )<br>)<br>) |
| Respondent. | )<br>) |

**STIPULATION**

The parties hereby stipulate to the following matters:

1.   Petitioners, Scott and Amy Marshall, filed a petition for vaccine compensation on behalf of their daughter, H.M., under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program").   The petition seeks compensation for injuries allegedly related to H.M.'s receipt of the human papillomavirus, hepatitis A, meningococcal, and tetanus-diphtheria-acellular pertussis vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.   H.M. received the vaccines on June 4, 2014.

3.   The vaccines were administered within the United States.

4.   Petitioners allege that, as a result of receiving the vaccines, H.M. suffered from optic neuritis and its related sequelae, and that H.M. experienced the residual effects of this injury for more than six months.

5.   Petitioners represent that there has been no prior award or settlement of a civil action

1

for damages as a result of this injury.

      6.   Respondent denies that the vaccines caused or significantly aggravated H.M.'s alleged injury or any other injury.

      7.   Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

      8.   As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> A lump sum of $206,731.81, in the form of a check payable to petitioners, as guardians of H.M's estate.

The above amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

      9.   As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

      10.   Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be

expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.    Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.    The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of H.M., as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians of H.M.'s estate under the laws of the State of Michigan.    No payment pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians of H.M.'s estate.    If petitioners are not authorized by a court of competent jurisdiction to serve as guardians of the estate of H.M. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian of the estate of H.M. upon submission of written documentation of such appointment to the Secretary.

14.    In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity, and as legal representatives of H.M., and on behalf of themselves, H.M., and her heirs, executors, administrators, successors or assigns, do forever irrevocably and

3

unconditionally release, acquit and discharge the United States and the Secretary of Health and

Human Services from any and all actions, causes of action (including agreements, judgments,

claims, damages, loss of services, expenses and all demands of whatever kind or nature) that

have been brought, could have been brought, or could be timely brought in the Court of Federal

Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 *et seq.*,

on account of, or in any way growing out of, any and all known or unknown, suspected or

unsuspected personal injuries to or death of H.M. resulting from, or alleged to have resulted

from, the vaccines administered on June 4, 2014, as alleged by petitioners in a petition for

vaccine compensation filed on or about December 11, 2015, in the United States Court of

Federal Claims as petition No. 15-1497V.

15.    If H.M. should die prior to entry of judgment, this agreement shall be voidable upon

proper notice to the Court on behalf of either or both of the parties.

16.    If the special master fails to issue a decision in complete conformity with the terms

of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

17.    This Stipulation expresses a full and complete negotiated settlement of liability and

damages claimed under the National Childhood Vaccine Injury Act of 1986, *as amended*, except

as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to.    The parties further agree and understand that the award described in this

stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the

4

items of compensation sought, is not grounds to modify or revise this agreement.

18.   This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines either caused or significantly aggravated H.M.'s alleged injury or any other injury.

19.   All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONERS:**

SCOTT MARSHALL

**ATTORNEY OF RECORD FOR
PETITIONERS:**

MARK L. KRUEGER
Krueger & Hernandez, SC
123 Second Street, P.O. Box 41
Baraboo, WI 53913
(608) 356-3961

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

NARAYAN NAIR, M.D
Acting Director, Division of Injury
  Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
  and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 8/5/16

AMY MARSHALL

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR
RESPONDENT:**

DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4357

6